JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Isaiah Lovendahl, individually and on Behalf of All Others Similarly Situated

**(b)** County of Residence of First Listed Plaintiff   Clark County, WA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Bruce H. Meizlish, Esq.,Meizlish &Grayson,119 E. Court Street, Suite 409, Cincinnati, OH 45202 (513-345-4700)

## DEFENDANTS
The Kroger Company; and Smith's Food & Drug Centers, Inc. d/b/a Smith's Food & Drug

County of Residence of First Listed Defendant   Hamilton County, OH
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
David K. Montgomery, Esq., 201 E. 5th Street, 26th Floor, Cincinnati, OH 45202 (513-898-0050)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act, 29 U.S.C. Section 201 et seq.
Brief description of cause:
Collective action seeking unpaid overtime and other relief

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
Mullins v. The Kroger Co./and Fry's Food and Drug; Wilson v. The Kroger Co., et al. 1:20-00936 (Judge Barrett)
JUDGE Barrett   DOCKET NUMBER 1:19 - 00964

DATE 01/25/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| ISAIAH LOVENDAHL, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>    v.<br><br>THE KROGER COMPANY; and SMITH'S FOOD & DRUG CENTERS, INC. d/b/a SMITH'S FOOD & DRUG,<br><br>               Defendants. | CIVIL ACTION<br><br>Case No. 1:21-CV-00350<br><br><br>JURY TRIAL DEMANDED |

### COLLECTIVE ACTION COMPLAINT

Plaintiff, Isaiah Lovendahl ("Lovendahl" or "Plaintiff"), files this Collective Action Complaint against Defendants, The Kroger Company ("Kroger") and Smith's Food & Drug Centers, Inc. d/b/a Smith's Food & Drug ("Smith's Food & Drug") (collectively, "Defendants"), seeking all available relief under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), on behalf of himself and all current and former Assistant Store Managers ("ASMs"), however variously titled, who work (or worked) at any "Smith's Food & Drug" store in the United States during the relevant time period. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

### NATURE OF THE ACTION

1.    Plaintiff brings this action on behalf of himself and similarly situated current and former ASMs to recover unpaid overtime pursuant to the FLSA. Defendants violated the FLSA by failing to pay their ASMs, including Plaintiff, overtime compensation for the hours they

worked over forty (40) in one or more workweeks because Defendants classify them as exempt from overtime.

2.    Defendants employ ASMs in over 140 Smith's Food & Drug stores in Utah, Nevada, New Mexico, Arizona, Montana, Idaho and Wyoming. Smith's Food & Drug stores are retails "hypermarkets" which offer groceries and other goods and services to the general public.

3.    Although Defendants consider their ASMs to be "managers," ASMs are not responsible for true management functions. To the contrary, ASMs spend the vast majority of their time performing the same duties as non-exempt employees, including serving customers, ringing customers up on the cash register, stocking shelves, unloading trucks, moving merchandise, counting inventory, and cleaning the store.

4.    ASMs report to Store Managers who, in turn, report to district and other supervisory personnel. Store Managers are the highest level of management in Smith's Food and Drug stores.

5.    As alleged herein, Plaintiff and all other similarly situated ASMs were required to work more than forty (40) hours in a workweek while employed by Defendants in order to complete their job duties. However, in accordance with Defendants' policy, pattern, and/or practice, they were misclassified as exempt from overtime compensation and were not paid at the mandated rate of time-and-one-half for all hours worked in excess of forty (40) in a workweek.

6.    Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action on behalf of himself and all persons who are or were formerly employed by Defendants in the United States during the relevant time period as ASMs, and individuals holding comparable salaried positions with different titles (the "ASM Collective").

7.    Defendants' systematic failure and refusal to pay Plaintiff and all other similarly

2

situated ASMs for all hours worked over forty (40) in a workweek violates the FLSA.

## THE PARTIES

*Plaintiff Isaiah Lovendahl*

8.      Isaiah Lovendahl resides in Saratoga Springs, Utah. Between approximately December 2015 and October 2019, Lovendahl was employed by Defendants as an ASM at Smith's Food & Drug stores located in Sandy and Fort Union, Utah.

9.      Throughout his employment as an ASM with Defendants, Lovendahl was paid a salary and did not receive overtime compensation for working more than forty (40) hours in a work week.

10.     As an ASM, Lovendahl was scheduled to work at least five 10-hour shifts each week (with a 30 to 60-minute lunch break each shift), though he worked more (and rarely took an uninterrupted lunch break). On average, during each week of his employment as an ASM with Defendants, Lovendahl worked approximately 55-60 hours (and sometimes more), including during the weeks leading up to, during, and after Easter, July 4, and Thanksgiving in 2017, 2018, and 2019.

11.     Lovendahl spent the vast majority of his time performing the same duties as non-exempt employees, including serving customers, ringing customers up on the cash register, stocking shelves, unloading trucks, moving merchandise, counting inventory, and cleaning the store.

12.     The work Lovendahl performed was at the direction, and for the benefit, of Defendants.

13.     Pursuant to Defendants' policy, pattern or practice of classifying ASMs as exempt from overtime, Lovendahl was not paid premium overtime compensation for all hours worked

3

over forty (40) in a work week.

14.    Plaintiff has consented to join this action. *See* Exhibit A.

**Defendant The Kroger Company**

15.    The Kroger Company is an Ohio corporation with its principal place of business located at 1014 Vine Street, Cincinnati, Ohio 45202.

16.    Kroger owns and operates, directly and/or through its wholly owned subsidiary Smith's Food & Drug Centers, Inc., over 140 Smith's Food & Drug stores in Utah, Nevada, New Mexico, Arizona, Montana, Idaho and Wyoming.

17.    At all relevant times, Kroger employed or acted in the interest of an employer towards Plaintiff and other similarly situated current and former ASMs and, among other things, maintained control, oversight and direction over Plaintiff and other ASMs, including with respect to timekeeping, payroll and other employment practices that applied to them.

18.    Kroger applies the same employment policies, practices, and procedures to all Smith's Food & Drug ASMs, regardless of the location of the store in which they work.

19.    Kroger is a covered employer within the meaning of the FLSA because, among other things, it employs individuals, including Plaintiff, who are engaged in interstate commerce or in the production of goods for interstate commerce or engaged in handling, receiving, selling, or otherwise working on goods or material that have been moved in or produced for interstate commerce.

20.    At all relevant time, Kroger has had gross revenues exceeding $500,000.00.

**Defendant Smith's Food & Drug Centers, Inc. d/b/a Smith's Food & Drug**

21.    Smith's Food & Drug Centers, Inc. is an Ohio corporation with its principal place of business located at 1014 Vine Street, Cincinnati, Ohio 45202.

4

22. Smith's Food & Drug is a wholly owned subsidiary of Defendant, The Kroger Company.

23. At all relevant times and together with its parent company, Kroger, Smith's Food & Drug employed or acted in the interest of an employer towards Plaintiff and other similarly situated current and former ASMs and, among other things, maintained control, oversight and direction over Plaintiff and other ASMs, including with respect to timekeeping, payroll and other employment practices that applied to them.

24. Smith's Food & Drug applies the same employment policies, practices, and procedures to all ASMs, regardless of the location of the store in which they work.

25. Smith's Food & Drug is a covered employer within the meaning of the FLSA because, among other things, it employs individuals, including Plaintiff, who are engaged in interstate commerce or in the production of goods for interstate commerce or engaged in handling, receiving, selling, or otherwise working on goods or material that have been moved in or produced for interstate commerce.

26. At all relevant times, Smith's Food & Drug has had gross revenues exceeding $500,000.00.

## JURISDICTION AND VENUE

27. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1332, 1337, and 29 U.S.C. § 216(b).

28. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

29. Defendants are subject to personal jurisdiction in Ohio.

30. Defendants purposely availed themselves of jurisdiction by operating in Ohio.

5

31.     Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to the claims in this Collective Action Complaint occurred within this District and because Defendants reside in this District.

## GENERAL FACTUAL ALLEGATIONS

32.     Kroger is a publicly traded corporation, with its corporate headquarters located in Cincinatti, Ohio.

33.     Smith's Food & Drug is a wholly owned subsidiary of Kroger and, upon information and belief, its operations are directed and controlled by individuals based out of Kroger's corporate headquarters in Ohio.

34.     According to its 2020 annual report, Kroger is "one of the largest retailers in the world based on annual sales."[1]  As of January 30, 2021, "Kroger operated, either directly or through its subsidiaries, 2,742 supermarkets under a variety of local banner names."[2]

35.     According to the company's "2019 Fact Book," Kroger owns and operates over 140 Smith's Food & Drug stores across Utah, Nevada, New Mexico, Arizona, Montana, Idaho and Wyoming.[3]

36.     As of January 30, 2020, Kroger "employed approximately 465,000 full- and part-time employees," of which several hundred are believed to be ASMs who work, or worked, at Defendants' Smith's Food & Drug stores.[4]

---

[1] See http://s1.q4cdn.com/137099145/files/doc_financials/2020/ar/NC10022090_The-Kroger-Co_2021-E-Bookproof-Combo.pdf, at 75 (last accessed May 19, 2021).
[2] Ibid. 1, at 75.
[3] See http://s1.q4cdn.com/137099145/files/doc_downloads/irw/fact_books/2019-Fact-Book.pdf, at 56-57 (last accessed May 19, 2021).
[4] Ibid 1, at 77.

37.    Defendants maintain strict control, oversight, and discretion over the operation of its stores, including its employment practices with respect to Plaintiff and the members of the putative ASM Collective.

38.    Plaintiff and the members of the putative ASM Collective's work was performed in the normal course of Defendants' business and was integrated into it.

39.    Consistent with Defendants' policy, pattern and/or practice, Plaintiff and the members of the putative ASM Collective worked in excess of forty (40) hours per workweek without being paid overtime compensation. For example, and upon information and belief, ASMs are scheduled to work at least five 10-hour shifts each week, totaling fifty (50) hours (with a 30 to 60-minute lunch break each shift). However, ASMs routinely work more hours (and are rarely able to take an uninterrupted lunch break).

40.    Upon information and belief, Defendants established labor budgets to cover labor costs for the stores in which Plaintiff and the members of the putative ASM Collective worked. However, Defendants did not provide sufficient money in the labor budgets to cover all hours needed to complete the necessary non-exempt tasks in each store.

41.    Defendants knew or recklessly disregarded the fact that their underfunding of store labor budgets resulted in Plaintiff and the members of the putative ASM Collective (who were not paid overtime) working more than forty (40) hours in a workweek without receiving any overtime compensation. This allowed Defendants to avoid paying additional wages (including overtime) to the non-exempt, store-level employees.

42.    Because Defendants underfunded store labor budgets, which in turn limited the amount of money available to pay non-exempt employees to perform manual and customer service tasks, ASMs were required to – and did – perform these non-exempt tasks.

7

43. The performance of non-management work was the primary duty of Plaintiff and the members of the ASM Collective. These primary duties included serving customers, ringing customers up on the cash register, stocking shelves, unloading trucks, moving merchandise, counting inventory, and cleaning the store.

44. Defendants knew, by virtue of the fact that its upper-level management employees (as its authorized agents) actually saw Plaintiff and the members of the putative ASM Collective primarily perform manual labor and non-exempt duties, that Plaintiff and other similarly situated ASMs were not performing activities that complied with any FLSA exemption. Inasmuch as Defendants are substantial corporate entities aware of their obligations under the FLSA, they acted willfully or recklessly in failing to classify Plaintiff and other similarly situated ASMs as non-exempt employees.

45. All of the work that Plaintiff and the members of the putative ASM Collective performed has been assigned by Defendants, who are aware of the work they performed. This work required little skill and no capital investment. Nor did it include managerial responsibilities, or the exercise of meaningful independent judgment and discretion.

46. Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants classify all ASMs as exempt from the overtime provisions of the FLSA.

47. The primary job duties of Plaintiff and the members of the putative ASM Collective did not include hiring, firing, disciplining, or directing the work of other employees.

48. The primary job duties of Plaintiff and the members of the putative ASM Collective did not materially differ from the job duties of non-exempt hourly paid employees.

8

49.    The primary job duties of Plaintiff and the members of the putative ASM Collective did not include the exercise of meaningful independent discretion with respect to their duties.

50.    The primary job duties of Plaintiff and the members of the putative ASM Collective were manual and/or clerical in nature. The performance of manual and/or clerical labor occupied the majority of the working hours of Plaintiff and the members of the putative collective.

51.    Plaintiff and the members of the putative ASM Collective are similarly situated in that they have substantially similar job duties and are subject to Defendants' common compensation policies, patterns, and/or practices.

52.    Upon information and belief, Defendants did not perform a person-by-person analysis of Plaintiff's and the members of the putative ASM Collective's job duties when making the decision to classify ASMs as exempt from overtime under the FLSA.

53.    Due to the foregoing, Defendants' failure to pay overtime wages for work performed by Plaintiff and the members of the putative ASM Collective in excess of forty (40) hours per week was willful.

54.    The work performed by Plaintiff and the members of the putative ASM Collective constitutes compensable work time under the FLSA and was not preliminary, postliminary or *de minimis*.

55.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

56.    Plaintiff brings the First Cause of Action, 29 U.S.C. § 216(b), on behalf of himself and the members of the putative ASM Collective.

9

57.     At all relevant times, Plaintiff and the members of the putative ASM Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

58.     Defendants employed Plaintiff and the members of the putative ASM Collective and are engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

59.     At all relevant times, Plaintiff and the members of the putative ASM Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

60.     Defendants have failed to pay Plaintiff and the members of the putative ASM Collective overtime compensation to which they are entitled under the FLSA.

61.     Defendants have failed to keep accurate records of time worked by Plaintiff and the members of the putative ASM Collective.

62.     Defendants are liable under the FLSA for, among other things, failing to properly compensate Plaintiff and the members of the putative ASM Collective.

63.     Consistent with Defendants' policy and pattern or practice, Plaintiff and the members of the putative ASM Collective were not paid overtime compensation when they worked beyond forty (40) hours in a workweek.

64.     All of the work that Plaintiff and the members of the putative ASM Collective performed has been assigned by Defendants, and/or Defendants have been aware of such work.

65.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the members of the putative ASM Collective. This policy and pattern or practice includes, but is not limited to:

10

       (a)     willfully failing to pay Plaintiff and the members of the putative ASM Collective premium overtime wages for hours that they worked in excess of forty (40) hours per workweek;

       (b)     willfully misclassifying Plaintiff and the members of the putative ASM Collective as exempt from the overtime protections of the FLSA; and

       (c)     willfully failing to record all of the time that its employees, including Plaintiff and the members of the putative ASM Collective, worked for the benefit of Defendants.

66.     Defendants are aware or should have been aware that federal law required it to pay Plaintiff and the members of the putative ASM Collective overtime compensation for all hours worked in excess of forty (40) in a workweek.

67.     Plaintiff and the members of the putative ASM Collective perform or performed the same primary duties.

68.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act:  Unpaid Overtime Wages
### (Brought on Behalf of Plaintiff and the ASM Collective)

69.     Plaintiff realleges and incorporate by reference the above allegations.

70.     Defendants have engaged in a widespread policy, pattern or practice of violating 29 U.S.C. § 207 by failing to pay overtime compensation to Plaintiff and the members of the putative ASM Collective for hours worked above forty (40) in a work week, as detailed in this Collective Action Complaint.

71.     Upon information and belief, and as part of their regular business practices, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiff and the members of the putative ASM Collective.

72.     Defendants' unlawful conduct, as described above, was willful and/or in reckless

11

disregard of the applicable wage and hour laws pursuant to Defendants' centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA.

73.     As further evidence of its willful or reckless failure to classify Plaintiff and the members of the ASM Collective as non-exempt employees, Defendants have uniformly failed to: (a) accurately track or record actual hours worked by Plaintiff and the members of the putative ASM Collective; and (b) provide Plaintiff and the members of the putative ASM Collective with a method to accurately record the hours they actually worked.

74.     Defendants did not make a good-faith effort to comply with the FLSA with respect to their timekeeping and compensation of Plaintiff and the members of the putative ASM Collective.

75.     Defendants were or should have been aware that the FLSA required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty (40) per week.

76.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the members of the putative ASM Collective for all hours worked in excess of forty (40) in a workweek.

77.     Upon information and belief, there are potentially hundreds of similarly situated current and former ASMs who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the members of the putative ASM Collective, pursuant to 29 U.S.C. § 216(b).

12

78.     The members of the putative ASM Collective are known to Defendants, are readily identifiable, and can be located through Defendants' records.

79.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as it may be further extended or tolled by agreement, equity or operation of law.

80.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the members of the putative ASM Collective have suffered damages by being denied overtime compensation in accordance with the FLSA, in amounts to be determined at trial, and are entitled to recovery of such amounts, as well as liquidated damages and attorneys' fees, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the members of the putative ASM Collective, prays for the following relief:

1.      Designation of this action as an FLSA collective action on behalf of Plaintiff and the members of the putative ASM Collective, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the ASM Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join forms pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

2.      An award of unpaid overtime compensation for all hours worked in excess of forty (40) in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours

13

Worked x 1.5;

3. An award of liquidated damages under the FLSA as a result of Defendants' willful failure to pay for all hours worked in excess of forty (40) in a workweek at a rate of time and one-half of the regular rate of pay;

4. An award of damages representing Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

5. An award of a service payment to Plaintiff;

6. An award of pre-judgment and post-judgment interest;

7. An award of costs and expenses of this action, together with reasonable attorneys' and expert fees to Plaintiff's counsel pursuant to the FLSA;

8. An injunction requiring Defendants to cease their practice of violating the FLSA in the future;

9. Issuance of a declaratory judgment that the practices complained of in this Collective Action Complaint are unlawful and/or willful under the FLSA; and

10. Such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Collective Action Complaint.

Dated: May __, 2021

_____/s/ Bruce H. Meizlish_____
Bruce Meizlish (OH Id. No. 0033361)
Deborah Grayson (OH Id. No. 006277)
**MEIZLISH & GRAYSON**
119 E. Court Street, Suite 409
Cincinnati, Ohio 45202
Phone: (513) 345-4700
Facsimile: (513) 345-4703
brucelaw@fuse.net
drgrayson@fuse.net

14

_/s/ Jason Conway_

Jason Conway (PA 317113)*
**CONWAY LEGAL, LLC**
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Telephone: (215) 278-4782
Fax: (215) 278-4807
jconway@conwaylegalpa.com

***Attorneys for Plaintiff and the Putative AM
Collective***

*\* To be admitted pro hac vice*

# EXHIBIT A

DocuSign Envelope ID: 1D558652-C7DF-44B3-861B-61B248A61948

## CONSENT TO JOIN FORM

1.      By my signature below, I consent to be a party plaintiff in a lawsuit against Defendant(s), The Kroger Co. and Smith's Food & Drug Centers, Inc. d/b/a Smith's and/or related entities and individuals, in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      I appoint Conway Legal, LLC to represent me in bringing such claim, and to make decisions on my behalf concerning the prosecution of the litigation and any settlement that may be negotiated on my behalf.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____            5/18/2021
Signature                                      _____
                                               Date

Isaiah Lovendahl
_____
Name