UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Isaiah Lovendahl,

    Plaintiff,

v.

The Kroger Company, Inc., et al.,

    Defendants.

Case No. 1:21-cv-00350

Judge Michael R. Barrett

## ORDER

This matter is before the Court on Plaintiff Isaiah Lovendahl's Motion for Conditional Certification and Court-Authorized Notice. (Docs. 16, 16-1). The Kroger Company ("Kroger") and Smith's Food & Drug Centers, Inc., doing business as Smith's Food & Drug ("Smith's") (collectively, "Defendants"), filed a Response in Opposition. (Doc. 17). Plaintiff filed a Reply. (Doc. 19).

Plaintiff brings this lawsuit on behalf of himself and similarly situated current and former Assistant Store Managers, however variously titled, who work or worked at any Smith's store in the United States during the relevant period.[1] (Doc. 1). Plaintiff worked for Defendants from January 2016 to October 2019 as an Assistant Store Manager at Smith's stores located in Sandy, Utah; Fort Union, Utah; and South Jordan, Utah. (Doc. 16-3 Plaintiff's Decl. ¶¶ 1, 3). Smith's is a wholly owned subsidiary of Kroger. (Doc. 6 ¶¶ 16, 22). The Complaint alleges that Defendants operate Smith's retail supermarkets, that also offer other goods and services, in over 140 stores in Utah,

---

[1] Plaintiff and three opt-in Plaintiffs have filed Notices of Consent in this case: Plaintiff (Doc. 1-1 PageID 20); Opt-In Plaintiff Scott Laing (Doc. 9-1 PageID 38); Opt-In Plaintiff Brad Shakespeare (*Id.* PageID 39); and Opt-In Plaintiff Jessica Baron (Doc. 11-1 PageID 46). *See* 29 U.S.C. § 216(b).

Nevada, New Mexico, Arizona, Montana, Idaho, and Wyoming (Doc. 1 ¶ 16).

The Complaint alleges that Defendants failed to pay Plaintiff and other Assistant Store Managers overtime compensation in violation of the Fair Labor Standards Act ("FLSA"). (Doc. 1). In particular, the Complaint alleges that Defendants have a policy, pattern, and/or practice—related to the alleged underfunding of store labor budgets—wherein Defendants willfully or recklessly misclassify Smith's Assistant Store Managers as exempt from the FLSA's overtime provisions such that Plaintiff and other Assistant Store Managers repeatedly work more than 40 hours per workweek without any overtime compensation. (*Id.* ¶¶ 5, 13, 39, 40-42 44, 46, 53, 63, 65-66, 70-73, 79-80).

Plaintiff asks the Court to conditionally certify the following FLSA collective: all current and former Assistant Store Managers, including Assistant Store Leaders, who worked for Smith's in the United States at any time on or after October 8, 2018 to the present, and who were classified as exempt from overtime compensation. (Doc. 16-1 PageID 76-91); (Doc. 19 PageID 488-500). Plaintiff requests that the Court permit Notice of this action to be sent to members of the proposed FLSA collective informing them of their right to opt-in to this case. (Doc. 16-1 PageID 91-93); (Doc. 19 PageID 500-01).

Defendants request that the Court defer ruling on Plaintiff's current motion pending the U.S. Court of Appeals for the Sixth Circuit's ("Sixth Circuit") dispositive decision in the interlocutory appeal in *Holder v. A&L Home Care & Training Ctr.*, LLC, No. 1:20-CV-757, 2021 WL 3400654 (S.D. Ohio Aug. 4, 2021), regarding the continued appropriateness of the two-phase certification process for FLSA collectives in this Circuit. (Doc. 17 PageID 450-55). In the event that the Court does not defer ruling on the current motion, Defendants respond that Plaintiff has not met his burden of showing that a collective

action should be conditionally certified. (*Id.* PageID 439-57). Alternatively, and if the Court conditionally certifies Plaintiff's proposed FLSA collective, Defendants argue that the proposed Notice sought is flawed. (*Id.* PageID 457-58). Plaintiff, in his Reply, opposes Defendants' request for deferral. (Doc. 19 PageID 496-98).

The FLSA requires a covered employer to pay overtime wages to an employee who works more than 40 hours per week unless the employee falls into the category of exempted employees. *Viet v. Le*, 951 F.3d 818, 822 (6th Cir. 2020); 29 U.S.C. §§ 207(a)(1), 213. The FLSA authorizes an employee to sue an employer for violations of the FLSA's overtime protections in a collective action on behalf of himself and other employees who are "similarly situated." 29 U.S.C. § 216(b). Employees who are "similarly situated" are permitted to opt-in to the FLSA collective action. *Comer*, 454 F.3d at 546. The lead plaintiff bears the burden to show that the proposed collective members are similarly situated to the lead plaintiff. *Myers v. Marietta Mem'l Hosp.*, 20 F. Supp. 3d 884, 890 (S.D. Ohio 2016) (citing *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016)).

Neither the FLSA nor the Sixth Circuit has defined the term "similarly situated." *Id.* (citing *O'Brien*, 575 F.3d at 584). Courts in this Circuit routinely conduct a two-phase inquiry to determine whether plaintiffs are similarly situated: conditional and final certification. *Id.* (citing *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 671 (6th Cir. 2012)); *accord Monroe v. FTS USA, LLC*, 860 F.3d 389, 397 (6th Cir. 2017); *see Holder*, 2021 WL 3400654 at *5-6 (explaining that although the Sixth Circuit never expressly adopted the two-phase approach that originated in *Lusardi v. Xerox Corp.*, 118 F.R.D.

3

351 (D.N.J. 1987), the Sixth Circuit has approved certifying FLSA collectives in two phases). *But see Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 441 (5th Cir. 2021) (rejecting the two-phase approach and holding that district courts should identify, at the outset, what facts and legal considerations will be material to determining whether a group of employees is similarly situated and then authorize preliminary discovery accordingly).

On February 4, 2022, the Sixth Circuit granted the petition for leave to appeal the district court's partial grant of an FLSA collective action in *Holder* and held that the Sixth Circuit will review the issue of what standard to apply when conditionally certifying a collective action, *i.e.*, a one-phase or two-phase inquiry. *In re: A&L Home Care and Training Ctr., et al.*, Sixth Circuit Case No. 21-305 (Doc. 12) (Feb. 4, 2022 Order granting petition); *cf. Brooke Clark, et al v. A&L Home Care and Training Center, LLC, et al.*, Sixth Circuit Case No. 22-3101 (resulting opened appeal).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Here, and using its discretion, this Court finds that waiting for the decision in *Brooke Clark, et al v. A&L Home Care and Training Center, LLC, et al.*, Sixth Circuit Case No. 22-3101, regarding the continued viability of the two-phase inquiry for conditionally certifying an FLSA collective action in this Circuit, creates some judicial economy. *See Clinton*, 520 U.S. at 706; *Landis*, 299 U.S. at 254; *cf. Betts v. Cent. Ohio Gaming Ventures, LLC*,

4

351 F. Supp. 3d 1072, 1077 (S.D. Ohio 2019) (granting equitable tolling of the statute of limitations for FLSA opt-in plaintiffs due to judicial delay in ruling on motion for conditional certification); *Biggs v. Quicken Loans, Inc.*, No. 2:10-cv-11928, 2014 WL 12661985, at *5 (E.D. Mich. Feb. 19, 2014) (granting equitable tolling of the statute of limitations for FLSA opt-in plaintiffs due to the district court's ordered stay that lasted over one year).

Based on the foregoing, it is hereby **ORDERED** that that this matter is **STAYED** pending the final disposition of *Brooke Clark, et al v. A&L Home Care and Training Center, LLC, et al.*, Sixth Circuit Case No. 22-3101. The parties shall jointly contact the Court within fourteen (14) days of the final disposition of that matter.

**IT IS SO ORDERED.**

_/s Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court